## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

YVONNE BEARD, individually and on behalf
of all others similarly situated,

           Plaintiffs,

v.

TUXEDOS OF WATERLOO, INC., d/b/a
TUXEDOS SHOWCLUB,

           Defendant.

CA NO. _____

## COLLECTIVE AND CLASS ACTION COMPLAINT
## AND JURY DEMAND

### I.  INTRODUCTION

1.    Plaintiff Yvonne Beard brings this class and collective action on behalf of herself and all other exotic dancers who have worked at Tuxedos Showclub ("Defendant" or "Tuxedos") in Davenport, Iowa.

2.    In this action, Plaintiff claims that Defendant has misclassified its exotic dancers as independent contractors rather than employees; has paid their dancers less than the minimum wage and has failed to pay them overtime compensation for hours worked in excess of 40 a week; and has taken unlawful deductions from the dancers' pay in violation of Iowa state law.

3.    This action is brought individually and as a class and collective action for unpaid minimum wages, overtime compensation, unlawful deductions, liquidated damages, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Iowa Wage Payment Collection Law (Iowa Code § 91A.8), and Fed. Civ. P. Rule

23. The collective action provisions under the FLSA provide for opt-in class participation, while Plaintiffs' class allegations under Federal Rule 23 are "opt-out" classes.

## II. PARTIES

4.     Plaintiff Yvonne Beard is an adult resident of Davenport, Iowa.  She worked as an exotic dancer at Tuxedos from approximately 2011 through September 2018.

5.     The members of the proposed collective and class are all individuals who worked as exotic dancers at Tuxedos during the relevant statutory periods.

6.     Defendant Tuxedos of Waterloo, Inc. d/b/a Tuxedos Showclub is a corporation with its principal place of business in Davenport, Iowa.

## III. JURISDICTION AND VENUE

7.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), because this action is based, in part, on the FLSA.

8.     In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiffs' pendent claims, which are brought pursuant to the laws of the State of Iowa, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

9.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because at least one Defendant is located within in this judicial district and division, and the unlawful labor practices giving rise to Plaintiffs' claims were committed, at least in part, within this Division.

## IV. STATEMENT OF FACTS

10.     Defendant has misclassified its exotic dancers as "independent contractors," when, in reality, they are employees of Defendant.

11.     Defendant has exercised extensive control over the manner in which its exotic

2

dancers perform their jobs and conduct themselves while on Defendant's premises, including what they are allowed to wear, how much they can receive for private dances and sessions, and how they can interact with customers.

12.     Defendant required exotic dancers to work a preset schedule of at least four nights per week, and fined them money if they missed a shift or arrived late.

13.     On many occasions, particularly between 2011 and 2016, Plaintiff worked more than 40 hours a week for Defendant.

14.     During the dancers' shifts, Defendant would require dancers to come to the stage at the Club periodically to perform during a set of several songs. If exotic dancers missed their turn on stage by 30 seconds, they would be required to pay a fine of $10 to Defendant.

15.     In addition, if dancers were more than 15 minutes late for their shifts, they received a fine between $50 and $60.

16.     Defendant is in the business of providing adult entertainment to its patrons.  The dancers perform services in the usual course of the Defendant's business, and without the dancers, the Defendant would have no business.

17.     The exotic dancers who have worked at Defendant's club have not received any wages or other compensation directly from Defendant. Instead, any compensation they have received has come directly from patrons in the form of payments for private dances.

18.     In order to perform their job, the dancers have been required to pay "house fees" to Defendants, approximately $50 per night, and to pay various other fines and fees.

19.     The exotic dancers have also been required to share their tips with or non-service employees, such as disc jockeys, bouncers and managers.

20.     Even if the payments from patrons were deemed to be the dancers' "wages," the

dancers have not been permitted to retain the full amount of these wages, since Defendant has subtracted various fines, charges, and fees from these amounts (as well as requiring the dancers to share them with other employees).

## V.   CLASS AND COLLECTIVE ALLEGATIONS.

21.     Plaintiff brings this action individually and as an opt-in, collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all individuals who worked as exotic dancers at Defendant's Club at any time within the three years prior to joining this lawsuit, who were misclassified as independent contractors and who were not paid at least minimum wage or overtime compensation as required by the Fair Labor Standards Act.

22.     Plaintiff also brings this action individually and as a class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of all individuals who worked as exotic dancers or strippers at Defendant's Club at any time within the three years prior to filing this lawsuit, who were misclassified as independent contractors and who were required to pay any portion of their compensation to the owners, managers, employees, or agents of Defendant, or had any compensation deducted for mandatory house fees, tip-outs, or other similar charges.

23.     This action on behalf of the class satisfies the requirements of Rule 23(a), Fed. R. Civ. P., as alleged in the following particulars:

a. The proposed class is so numerous that joinder of all individual members in this action is impracticable;

b. There are questions of law and/or fact common to the members of the proposed class;

c. The claims of Plaintiff, the representative of the proposed class, are typical of the claims of the proposed Plaintiff class; and

d. Plaintiff, the representative of the proposed Plaintiff class, will fairly and
adequately protect the interests of the class.

24.     In addition, upon information and belief, this action satisfies one or more of the
requirements of Rule 23(b), Fed. R. Civ. P., because the questions of law and/or fact common to
the members of the proposed Iowa Class predominate over any questions affecting only
individual members, and a class action is superior to other available methods for the fair and
efficient adjudication of the controversy.

**COUNT I**
**(Fair Labor Standards Act -  Failure to Pay Minimum Wage)**

25.     Defendant is an "employer" for purposes of the Fair Labor Standards Act, 29
U.S.C. § 203(s), because it has annual gross sales or business of at least $500,000 and has
employees engaged in interstate commerce.

26.     Plaintiff and the members of the FLSA Collective were employees of Defendant
for purposes of the Fair Labor Standards Act during all times relevant to this Complaint.

27.     Defendant has failed to pay Plaintiff and the FLSA Collective Members an hourly
rate of at least the minimum wage of $7.25 per hour as required by the FLSA, 29 U.S.C. §
206(a)(1)(C). Defendant is not permitted or allowed to take the tip credit against the minimum
wage (and thus pay the reduced hourly rate for tipped employees of $2.13 per hour) because it
did not provide the required notice to Plaintiff and FLSA Collective Members, and because
Plaintiff and FLSA Collective Members were not allowed to keep all tips received by them, but
instead were required to share their tips with management and with other employees or agents of
Defendant who are not among employees who customarily and regularly receive tips, and not
pursuant to a valid tip pooling or sharing arrangement under applicable law. Plaintiff and FLSA

Collective Members are entitled to back wages at the minimum wage rate of $7.25 per hour for every hour worked, pursuant to the FLSA, 29 U.S.C. § 216(b). The failure of Defendant to compensate Plaintiff and FLSA Collective Members at least minimum wage was knowing, willful, intentional, and done in bad faith.

28.     Plaintiff and FLSA Collective Members are also entitled to liquidated damages equal to the amount of unpaid minimum wages due to them under the FLSA, pursuant to the FLSA, 29 U.S.C. § 216(b).

29.     Plaintiff is also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (Fair Labor Standards Act – Failure to Pay Overtime Wages)

30.     Plaintiff repeats and realleges each and every allegation stated above.

31.     Plaintiff and members of the FLSA Collective routinely worked in excess of forty (40) hours per workweek for Defendants.

32.     Defendants failed to pay Plaintiffs and the members of the FLSA Collective at the rate of one-and-a-half times their regular rate of pay for all hours worked in excess of forty hours weekly as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

33.     Plaintiffs and members of the FLSA Collective are entitled to back wages at the rate of one-and-a-half times their regular rate of pay for all overtime hours worked in excess of forty hours per week, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

34.     The failure of Defendants to compensate Plaintiffs and the FLSA Collective Members for overtime work as required by the FLSA was knowing, willful, intentional, and done in bad faith.

6

35.     Plaintiff and the FLSA Collective Members are also entitled to liquidated damages equal to the amount of unpaid overtime compensation due to them under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. 216(b).

36.     Plaintiff is also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III
### (Iowa Wage Payment Collection Law)

37.     All previous paragraphs are incorporated as though fully set forth herein.

38.     Iowa's Wage Payment Collection Law ("IWPCL") requires an employer to pay all wages due to its employees.  *See* Iowa Code § 91A.5.

39.     Defendant is subject to the wage requirements of the IWPCL because Defendant is an "employer" under Iowa Code § 91A.2.

40.     At all relevant times, Plaintiff and the Iowa Class Members were covered employees entitled to the above-described IWPCL protections. *See* IOWA CODE § 91A.2.

41.     Plaintiff and the Iowa Class Members are not exempt from the requirements of the WPCL for wage payments.

42.     Defendant, pursuant to its policies and practices, made unauthorized deductions from Plaintiff's and the Iowa Class Members' compensation in violation of the IWPCL. Iowa Code § 91A.5.

43.     Pursuant to Iowa Code § 91A.8, an employer, such as Defendant, who fails to pay an employee wages in conformance with the IWPCL shall be liable to the employee for the

7

wages or expenses that were not paid, interest, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

44.     In violating Iowa law, Defendant acted willfully and with reckless disregard of clearly applicable IWPCL provisions.

WHEREFORE, Plaintiff requests that the Court enter the following relief:

a.     An order authorizing the issuance of notice to current and former employees of Defendants who are potential members of the collective action under the Fair Labor Standards Act, giving them the opportunity to opt-in to this action;

b.     An order certifying the Class under Rule 23 to pursue the class members' Iowa wage claims against Defendants, appointing Plaintiff as a class representative and the undersigned counsel as class counsel;

c.     An award of monetary damages to Plaintiff and Class and Collective Action Members in the form of back pay for unpaid minimum wages, reimbursement of all unlawful withholdings from Plaintiff's and the Class and Collective Action Members' wages, together with liquidated damages;

d.     Attorneys' fees and costs; and

e.     Such further relief as the Court deems just and proper.

Respectfully submitted,

_/s/ Nate Willems_____
Rush & Nicholson P.L.C.
P.O. Box 637
Cedar Rapids, IA 52406
Tel: 319-363-5209
 Fax: 319-363-6664
Email:  nate@rushnicholson.com

Harold Lichten, *pro hac vice anticipated*
Matthew Thomson, *pro hac vice anticipated*
Olena Savytska, *pro hac vice anticipated*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
(617) 994-5801
Email:  hlichten@llrlaw.com,
        mthomson@llrlaw.com
        osavytska@llrlaw.com


Attorneys for Plaintiff Yvonne Beard, Individually
and on Behalf of All Others Similarly Situated


Dated:          November 21, 2018